

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**

XXXXXXXXXXXXXPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Wm. J. Lawson
Secretary of State
Austin, Texas

Dear Sir:

Attention: Will Mann Richardson

Opinion No. 0-3384
Re: Whether the Holland Texas
Hypotheek Bank of Amsterdam,
Holland, will be doing busi-
ness in Texas under the re-
cited facts.

     You have requested the opinion of this depart-
ment upon the question of whether the Holland Texas Hypo-
theek Bank of Amsterdam, Holland, under the recited facts,
may surrender its permit to do business in Texas and not
be subject to liability thereafter for doing business in
Texas without a permit. There was enclosed with your re-
quest letter a copy of a letter from the attorney for the
corporation which recites the following facts:

     "The Holland Texas Hypotheek Bank of Am-
sterdam, Holland, incorporated under the laws
of the Kingdom of Netherlands, was granted a
permit to do business in Texas on November 30,
1931, which permit will expire on November 30th
of this year. In May, 1940, the Netherlands
was invaded by Germany and occupied by force
and as a result of such invasion and for the
purposes of protecting the assets of the sub-
jects of the Kingdom of the Netherlands, the
President issued a proclamation freezing all
of said funds located within the United States.
On May 24, 1940, the Royal Netherlands Govern-
ment residing in London, promulgated its decree
whereby the title to all property in the United
States was vested in the Netherlands Government.
Under the decree, the Minister of the Netherlands
was appointed Attorney in Fact for the Government
and was duly empowered to delegate the authority
vested in him.

"For the purpose of placing an additional
protection around the assets of this corporation
as against the enemy, it became necessary to
adopt a plan in the nature of a reorganization.
In brief, the plan followed was to organize a
domestic corporation under the laws of this
State, said corporation being designated the
Holland Texas Mortgage Company with an office
in Port Arthur, Texas.  All of the assets of
the Holland Texas Hypotheek Bank of Amsterdam,
Holland, were transferred to the Holland Texas
Mortgage Company.  Since said date, the domi-
cile of the Amsterdam corporation has been
changed under Dutch law to Willemstad, Curacao.
The only asset now held by the Holland Texas
Hypotheek Bank of Willemstad, Curacao, is a
mortage on the assets of the Holland Texas
Mortgage Company which bears interest.  The cor-
poration does not perform any of the acts au-
thorized under its permit but continues to main-
tain an office in Port Arthur, Texas.  All busi-
ness such as erecting or repairing any building
or improvement and the loaning of money, etc.,
is done by the Holland Texas Mortgage Company."

The question of whether a foreign corporation is
doing intrastate business in Texas is essentially one of
fact.  The cases are legion which deal with the problem.
Particularly is this true where there is the relationship
of parent and subsidiary, or one otherwise contractural.

We cannot categorically say, as a matter of law,
either that the Hypotheek Bank of Amsterdam will or will
not be doing business in Texas henceforth.  The statement
that the Holland corporation will have a mortgage on the
assets of the Texas corporation, which bears interest, sug-
gests many possibilities relative to the actual relation-
ship between the two corporations.  Likewise, the recitation
that the foreign corporation will continue to maintain an
office in Texas does not describe the activities or functions
thereof.  Moreover, the statement that the Holland corpora-
tion will not continue to perform any of the acts authorized
under its permit or its charter is a legal conclusion, re-
quiring both a knowledge of the provisions of the corporation's
permit and charter, together with an understanding of that
which the corporation will continue to do in Texas.

Certainly the maintenance of an office in Texas
suggests the doing of business in Texas.  In King v. Monitor

Drilling Company, 92 S. W. 1046, 1047, 1048, it was said:

"And unless a foreign corporation is transacting or soliciting business in this State, or has an office here, it is not required under these circumstances to have a permit to do business to enable it to sue in our courts * * *" (Emphasis ours)

In Morton v. Thomas & Sons Company, 93 S. W. 711, 712 (cited by the corporation's attorney in the above mentioned letter), the significance of the maintenance of an office was recognized by the court as follows:

"The petition discloses that plaintiff, a corporation organized and doing business in Kentucky, holds the two notes executed and delivered to it by defendant in Texas and made payable in Galveston of that State. It is not disclosed that it had been doing business in this State, and such allegations do not bring it within the operation of the statutes. The case of Chatman v. Hallwood (Tex. Civ. App.) 73 S. W. 969, does not control, for there the plaintiff corporation alleged that it had an office in Dallas County, Texas, thus bringing itself clearly and affirmatively within the terms of the statute. The exact point was decided by this court in line with our present conclusion in King v. Monitor Drilling Co. (recently decided by this court) 92 S. W. 1046. * * *" (Emphasis ours)

In Bank of America v. Whitney Central National Bank, 261 U. S. 171, the Supreme Court of the United States held that the corporation was not doing business in New York, and speaking through Mr. Justice Brandies said at page 173:

"The Whitney Central had what would populatly be called a large New York business. The transactions were varied, important and expensive. But it had no place of business in New York. * * *" (Emphasis ours)

Perhaps, however, the fact of the maintenance of an office of itself is not conclusive of the question as to whether the Holland corporation will be doing business in Texas. As said by Mr. Justice Holmes in Edwards v. Chile Copper Company, 270 U. S. 452, "the activities and situation must be judged as a whole".

Honorable Wm. J. Lawson, Page 4, (O-3384)

The general rule touching the question of whether a foreign corporation is transacting business in a state is summarized in 14a Corpus Juris, Page 1270, Section 3977, as follows:

"The general rule is that when a foreign corporation tranacts some substantial part of its ordinary business in a state, it is doing, transacting, carrying on, or engaging in business therein, within the meaning of the statutes under consideration."

An interminable discussion could be had upon this question in the light of the numerous cases in which it has been involved. We do not, however, believe that such would serve a useful purpose in this opinion. The cases do demonstrate, however, why this department cannot with propriety categorically rule upon the question of whether the Holland Texas Hypotheek Bank will be doing business in Texas under the limited statement of facts before us.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Zollie C. Steakly

Zollie C. Steakley
Assistant

ZCS:LM:EAC

APPROVED MAY 1, 1941

/s/ Glenn R. Lewis

ACTING ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE

BY B.W.B.
CHAIRMAN